378 A.2d 970

**COMMONWEALTH of Pennsylvania**

v.

**Harry PARKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On June 12, 1973, appellant, after conviction on several charges, was sentenced to twelve (12) days to twenty three (23) months imprisonment, to be followed by three years probation. While on probation, on July 13, 1975, the appellant was arrested and charged with crimes including forgery, theft, receiving stolen property and possession of a controlled substance. He was convicted on these charges on January 29, 1976 and sentenced. On March 15, 1976, after a probation violation hearing, the lower court revoked appellant's probation and sentenced him to one to three years imprisonment. In the instant appeal the appellant claims that this sentence was invalid because the appellant had not received any written notice of alleged technical violations of parole prior to the revocation hearing.

Prior to the parole revocation hearing in the instant case the appellant and his counsel received a copy of a written notice setting forth the fact of his arrest, trial, and conviction of other charges while he was on his term of probation. These were the so-called "direct" violations of parole. At the hearing; a probation officer testified to this violation. Thereafter, he was questioned by defense counsel, who inquired of the officer what recommendation he would offer, presumably to the court for the disposition of his client. In response to this question, the officer testified to conduct by the appellant while on probation that would constitute so-called "technical" violations of probation, such as a failure to report to the probation office as directed. The officer then said such conduct by appellant left him doubtful—clearly pertaining to any continued period of probation. The lower court expressed concern about this conduct and the "technical" violations. The court then revoked probation and sentenced the appellant to one to three years imprisonment. In its opinion in support of its parole revocation order, and judgment of sentence, the lower court indicates only that revocation was based upon the "direct" violation, of which appellant was furnished notice, and no mention is made of any technical violation.

We believe that appellant's argument of lack of notice of technical violations must be rejected as a basis for reversal. The United States Supreme Court has held that in cases such as the instant one, the factfinder must issue a "written statement . . . as to the evidence relied on and the reasons for [revocation]" *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972).[1] As noted above, the lower court, in its written opinion, relied solely upon the "direct" violations of probation in support of its Order of revocation. Moreover, we cannot ignore that the Commonwealth presented no evidence of any "technical"

1. *Morrissey* was a parole revocation case. Its standards, however, have been held to be applicable to probation revocation proceedings. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973) (Footnote 10). See also *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

violation in its case in chief, but only in response to defense questions concerning recommendations by probation authorities. In this context, we must reject appellant's reliance upon *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974), a case where the Majority of our Court reversed a revocation of probation wherein the lower court clearly relied, in part, upon "technical" violations of probation of which Alexander had no notice prior to the hearing.

Affirmed.