385 A.2d 518

COMMONWEALTH of Pennsylvania

v.

**William PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided April 13, 1978.

50

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On January 7, 1976, after a "*Gagnon* II" hearing, the lower court revoked appellant's parole and probation. On this appeal appellant offers two arguments in support of his claim that he is entitled to a new hearing: first, that there was testimony about violations that were not specified in the written notice given him; and second, that the record does not show that he was given a "*Gagnon* I" hearing or its equivalent.

Appellant's first argument is insubstantial. It is clear from the lower court's opinion that it found appellant in violation of the terms of his parole and probation only on the basis of the violations alleged in the written notice,

namely, arrests on three counts of sale of narcotics. The court stated:

> At the conclusion of the hearing, the undersigned judge found, by the preponderance of the evidence, that defendant had violated his parole and probations by participating in three illicit sales of heroin.

Lower Court Opinion at 3.

Under these circumstances, as in *Commonwealth v. Parker*, 250 Pa.Super. 346, 378 A.2d 970 (1977), the fact that there was testimony about certain "technical" violations not specified in the written notice does not affect the validity of the hearing.

 Appellant's second argument is more substantial; it may be stated as follows. One of the minimum due process requirements of parole or probation revocation is a preliminary hearing to determine whether there is probable cause to believe that the parolee or probationer has committed a violation. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). When the alleged violation is the commission of a crime, this requirement may be satisfied by a preliminary hearing at which the prosecutor has proved a prima facie case. *Commonwealth v. Davis*, 234 Pa.Super. 31, 43, 336 A.2d 616, 622–23 (1975). Here, however, the record contains nothing to show that such a preliminary hearing was held.

 In considering this argument, one should first note that appellant does not allege that he *never had* a preliminary hearing, but only that the record *contains nothing to show* that he had. It seems very likely that in fact appellant did have a preliminary hearing, for it appears that he was brought to the *Gagnon* II hearing from the place where he was being detained on the criminal charges. Even if we look at the record as strictly as appellant argues we must, however, appellant's argument fails. The reason the record contains nothing to show that appellant had a preliminary hearing is that appellant did not suggest to the lower court that he had not had one, nor did he argue to the lower court

that because he had not had a preliminary hearing, the lower court could not revoke his parole and probation. In these circumstances appellant is in no position to argue to us as he does.

■ In several cases * we have repeated the rule announced in *Commonwealth v. Alexander,* 232 Pa.Super. 57, 331 A.2d 836 (1974), that "it would be in derogation of the minimum due process rights of an alleged probation violator to require him to raise lack of notice at a less-than-formal hearing or waive his right to do so." *Id.,* 232 Pa.Super. at 62, 331 A.2d at 839. However, we are persuaded that this rule does not apply when the issue not raised below is denial of a *Gagnon* I hearing.

■ The purpose of the non-waivable requirement of written notice of alleged violations is to ensure that the parolee or probationer can sufficiently prepare his case, both against the allegations of violations, and against the argument that the violations, if proved, demonstrate that parole or probation is no longer an effective rehabilitative tool and should be revoked. In other words, the requirement bears directly on the ability to contest revocation. Accordingly, we have declined to apply the rule of waiver to a requirement that is central to the substance of the revocation proceedings. The purpose of the requirement of a *Gagnon* I hearing is different: it is to ensure against detention on allegations of violations that have no foundation of probable cause. If before his parole or probation is revoked a parolee or probationer has not complained of the lack of a *Gagnon* I hearing, he has already suffered the harm that the omission allegedly caused; since the substance of the revocation proceeding is not affected by the omission, the parolee or probationer will not be heard to complain later.

This is analogous to the rule that objections to defects in a preliminary hearing (*e. g.,* lack of counsel) or to the denial of a preliminary hearing must be raised by a motion to quash

---

* *See, e. g., Commonwealth v. Stratton,* 235 Pa.Super. 566, 344 A.2d 636 (1975); *Commonwealth v. Henderson,* 234 Pa.Super. 498, 340 A.2d 483 (1975).

the indictment; otherwise, all such procedural and "non-jur-isdictional" defects are waived. *Commonwealth v. Bowman,* 228 Pa.Super. 342, 325 A.2d 818 (1974).

The United States Court of Appeals for the Second Circuit drew this same analogy in *United States v. Companion,* 545 F.2d 308 (2d Cir. 1976):

[A] defendant's status after conviction is the result of that conviction, not the result of his pretrial detention; the court lacks power "to remedy, retrospectively, . . . denial of a 'fundamental right' which has no bearing on appellant's present incarceration"; the remedy of release from custody "is one to be sought prior to conviction." [*Mayer v. Moeykens,* 494 F.2d 855, 859 (2d Cir. 1974), *cert. denied,* 417 U.S. 926, 94 S.Ct. 2633, 41 L.Ed.2d 229 (1974).]

This rationale is directly applicable [in a probation revo-cation case]. Appellant's present incarceration stems from a decision by [the revoking court] made after a hearing that was adequate in all respects; the denial of appellant's preliminary hearing right no longer has any relation to his incarceration. . . . To order appel-lant's release from custody at this time would be to grant an extreme remedy for a deprivation from which appel-lant is no longer suffering. This remedy should have been sought at the time that the deprivation of rights was actually occurring.

*Id.* at 313.

A similar rule exists in extradition cases: when a relator is detained beyond the period allowed by the Uniform Ex-tradition Act, habeas corpus relief is warranted only when sought after the expiration of the prescribed period *and* before a governor's warrant is executed. *Commonwealth ex rel. Myers v. Case,* 250 Pa.Super. 242, 378 A.2d 917 (1977) (Concurring Opinion by SPAETH, J.).

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.