J-S45002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN DOMENICO MARTONE, III, | |
| Appellant | No. 1636 MDA 2014 |

Appeal from the Judgment of Sentence August 28, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000828-2013

BEFORE: BOWES, WECHT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J: **FILED OCTOBER 16, 2015**

John Domenico Martone, III appeals from the judgment of sentence of two to five years imprisonment imposed by the court following revocation of the probation levied after he was convicted of receiving stolen property. For the reasons set forth herein, we affirm.

The facts giving rise to this appeal were summarized as follows by the trial court:

> On December 2, 2013, the Appellant, John Domenico Martone, III entered a counseled plea of guilty to receiving stolen property as a felony of the third degree. Appellant was sentenced pursuant to a negotiated agreement to two years of probation imposed consecutive to another sentence which the Appellant was serving at the time of his plea. On May 28, 2014, the Adams County Department of Probation Services filed a motion for revocation of Appellant's probation alleging the Appellant violated prison and re-entry program rules while incarcerated on the prior sentence. Appellant was provided

---

\* Former Justice specially assigned to the Superior Court.

written notice of the alleged violations and his rights immediately prior to the filling of the revocation motion. On June 10, 2014, a **Gagnon I** hearing was conducted at which Appellant was represented by counsel. At the **Gagnon I** hearing, over objection of the Appellant, the institutional parole officer introduced the administrative findings of the Adams County Adult Correctional Complex that Appellant had violated prison rules. Thereafter, the **Gagnon I** hearing officer determined that probable cause for finding the Appellant committed a violation of his probation existed and a **Gagnon II** hearing was scheduled.

Prior to the **Gagnon II** hearing, Appellant filed a petition seeking the issuance of a writ of habeas corpus. Hearing and argument on the petition was scheduled to be held concurrent with the **Gagnon II** hearing. This Court denied Appellant's petition for writ of habeas corpus and, following hearing, found Appellant to be in violation of his probation. The Appellant was subsequently re-sentenced to serve no less than two years nor more than five years in a state correctional institution.

Trial Court Opinion, 12/23/14, at 1-2 (footnotes omitted).[1]

At Appellant's **Gagnon I** hearing, the Commonwealth presented Mr. Timothy Breighner, an institutional parole officer who testified about Appellant's prison misconduct. At his **Gagnon II** hearing, the Commonwealth presented Captain Kevin Crawfoot, who presided over

---

[1] Before Appellant began serving his probation sentence, it was revoked for conduct occurring while incarcerated for a separate offense. We recognize that such revocation is proper. **See Commonwealth v. Allshouse**, 33 A.3d 31, 39 (Pa.Super. 2011) ("If, at any time before the defendant has completed the maximum period of probation, **or before he has begun service of his probation**, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation.") (citation omitted) (emphasis in original).

Appellant's prison misconduct hearing for fighting with another inmate, and Correctional Officer Vincent Bashore, who witnessed one of Appellant's several violations, to testify about Appellant's prison misconduct citations. Captain Crawfoot's testimony included the following exchange with the Commonwealth, which went without objection by Appellant:

| | |
|---|---|
| Commonwealth: | And did you actually have a hearing at that time? |
| Crawfoot: | Yes, I did. |
| Commonwealth: | And how did you find Mr. Martone as a result of the hearing? |
| Crawfoot: | Mr. Martone was found guilty. |
| Commonwealth: | Of specifically what infraction, if you recall? |
| Crawfoot: | Engaged in a fight. |
| Commonwealth: | Okay. And that violated prison rules out there? |
| Crawfoot: | Yes, it does. |

On August 28, 2014, Appellant was resentenced; he filed a timely post-sentence motion, which the court denied. This timely appeal ensued. Pursuant to the trial court's direction, Appellant filed and served a 1925(b) statement of errors complained of on appeal, and the trial court filed its responsive 1925(a) opinion. The matter is now ready for our review. Appellant presents five questions for our consideration:

1. Did the Court err in denying [Appellant's] *habeas corpus* motion seeking to preserve his 5th Amendment right to confront adverse witnesses at a [*Gagnon I*] hearing?

2. Did the Court err in finding that the evidence presented at the [*Gagnon I*] hearing was sufficient to establish probable cause?

3. Did the Court err in denying Appellant's confrontation guarantees when it permitted, over objection, introduction of out-of-court testimonial statements made by adverse witnesses who were not made available for cross-examination in the [*Gagnon II*] proceeding?

4. Did the Court err in finding the evidence presented at the [*Gagnon II*] hearing was sufficient to uphold a finding of guilt by a preponderance of the evidence?

5. Did the Court abuse its discretion when it imposed a sentence of 2-5 years?

Appellant's brief at 4.

As detailed in *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), the purpose of a *Gagnon I* hearing is to determine whether there is probable cause to believe a parole or probation violation has occurred. When a finding of probable cause is made, a second, more comprehensive *Gagnon II* hearing is required to render a final revocation decision. *Id.* at 784. Thus, the *Gagnon II* hearing is more complete than the *Gagnon I* hearing in affording the probationer additional due process safeguards. *Id*. at 786. Herein, Appellant's first two issues relate to his *Gagnon I* hearing, and his second two issues relate to his *Gagnon II* hearing.

We address Appellant's first two issues together. Appellant argues at his first issue that he was denied his right to confront witnesses against him, as the Commonwealth did not present at his *Gagnon I* hearing the officers who initially reported his prison misconduct. At his second issue, Appellant argues that the evidence of his prison misconduct presented by Officer Breighner, which he labels hearsay, was insufficient to establish probable cause that he violated the terms of his probation.

The Commonwealth initially objects to the discussion of Appellant's *Gagnon I* hearing, as the transcript is not included in the certified record. Even if this Court is not precluded from considering Appellant's substantive arguments, the Commonwealth argues that any error occurring at Appellant's *Gagnon I* hearing was cured by his *Gagnon II* hearing. We agree with the Commonwealth that any potential defects that occurred in Appellant's first hearing were remedied by the *Gagnon II* hearing. *See Commonwealth v. Perry*, 385 A.2d 518 (Pa.Super. 1978). Accordingly, Appellant is entitled to no relief on his first or second issue, and we thus address his third and fourth claims, which call for us to examine his *Gagnon II* hearing.

At his third issue, Appellant argues that he was denied his due process right to confront witnesses against him as the Commonwealth did not present the officers who initially reported his most severe prison misconduct. The reports, which were introduced by Captain Crawfoot and Officer

- 5 -

Bashore, were therefore hearsay and should not have been admissible against Appellant.

The Commonwealth responds by arguing that "[t]he issue before the trial court at [Appellant's] *Gagnon II* hearing was whether [Appellant] committed prison violations, not whether the prison correctly adjudicated [Appellant] guilty of the prison misconducts." Commonwealth brief at 28. Because Appellant was only entitled to – and did – confront the Commonwealth's two witnesses, his confrontation rights were not impeded. Accordingly, the Commonwealth maintains that no relief is due. We agree with the Commonwealth.

This Court has consistently recognized that among the rights afforded to a defendant at a probation or parole revocation hearing is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Commonwealth v. Colon*, 102 A.3d 1033, 1040 (Pa.Super. 2014) (citations omitted). Citing this rule, Appellant bases his arguments on a mistaken belief that he is entitled to cross-examine the reporting officers at his *Gagnon I* and *II* hearings.

At Appellant's *Gagnon II* hearing, the Commonwealth was required to show, by a preponderance of the evidence, that Appellant violated the terms of his probation. The Commonwealth alleged that Appellant violated the following condition: "3(h). You must obey all prison and house arrest rules,

including those imposed while participating in the work release program."
Preliminary Notice of Violation and Rights, 5/27/14.

The fact that Appellant violated prison rules was adjudicated in an administrative proceeding in accordance with prison policy. Thus, at the *Gagnon II* hearing, the Commonwealth only needed to present sufficient evidence to show that Appellant did not obey all prison rules, which it did by offering the testimonies of several officers. It did not have to relitigate whether Appellant committed any of the specific acts for which he was cited. Stated differently, the Commonwealth was required to prove that Appellant was adjudicated as violating prison rules; it was not required to prove for a second time that Appellant committed the specific underlying acts. The latter had already been accomplished in his prior administrative hearing. Appellant, therefore, was entitled to confront the witnesses who testified against him for the proposition that he disobeyed prison rules and not those who would have testified about the acts that constituted disobedience.

Appellant does not dispute that, at that *Gagnon II* hearing, he was given the opportunity to confront Captain Crawfoot and Officer Bashore. Based on their testimony, the trial court found by a preponderance of the evidence that Appellant violated the conditions governing the terms of his probation by failing to obey prison rules. Accordingly, the trial court did not deny Appellant his right to confrontation and did not err in denying

Appellant's petition for *habeas corpus*. We therefore affirm the trial court with regard to Appellant's third issue.

At his fourth issue, Appellant argues that the Commonwealth's evidence at his **Gagnon II** hearing was insufficient to satisfy its burden because the reports that were presented "consisted primarily of double hearsay statements" with little indicia of reliability. Appellant's brief at 31. He further alleges that double hearsay statements, such as those contained in the reports, are inadmissible against Appellant. **Id**.

The Commonwealth argues that the testimonies of Captain Crawfoot and Officer Bashore provided the court with sufficient evidence to hold that Appellant violated the terms of his probation, as Captain Crawfoot himself found at Appellant's administrative hearing that Appellant violated prison rules and Office Bashore witnessed Appellant's third violation. Again, we concur with the Commonwealth.

At a probation-revocation hearing, the Commonwealth's burden is to prove a violation of probation by a preponderance of the evidence. **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007). On review of a claim that the evidence was insufficient to support a revocation, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the revocation court could have found by a preponderance of the evidence that the violation was proven. **Id.** We do not weigh the evidence or make credibility

determinations because such determinations were for the revocation court. *Id.*

At Appellant's ***Gagnon II*** hearing, the Commonwealth presented the testimony of two additional officers. As the credited testimony was properly admitted and as Appellant declined to engage in any meaningful cross-examination of those witnesses, we cannot find that the trial court improperly revoked his probation based on the testimony of Captain Crawfoot and Officer Bashore. Specifically, Appellant committed misconduct by engaging in a fight in contradiction of prison rules. The trial court was presented with sufficient evidence at the ***Gagnon II*** hearing to find that, by a preponderance of the evidence, Appellant did, in fact, violate his probation. Accordingly, we affirm the trial court on Appellant's fourth issue.

Appellant's final issue on appeal raises a claim involving the discretionary aspects of sentencing. As Appellant has filed a timely notice of appeal, preserved his challenge through post-trial motion, and offered a Pa.R.A.P. 2119(f) statement, we must examine whether Appellant's claim presents a substantial question that the sentence imposed was inappropriate under the Sentencing Code or was contrary to the fundamental norms that underlie the sentencing process. ***See*** 42 Pa.C.S. § 9781(b); ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013).

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that his sentence is excessive "due to the Court's sole reliance on double hearsay testimony

regarding an alleged 'physical altercation' in prison[.]" Appellant's brief at 13. He avers further noncompliance with fundamental norms in the trial court's failure to consider whether local rehabilitative efforts had been effective. The Commonwealth responds by arguing that Appellant has not raised a substantial question and that, even if he had, his claim would be meritless. We agree with the Commonwealth that Appellant is not entitled to relief.

In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*). Further, "[t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Simmons**, 56 A.3d 1280, 1283-84 (Pa.Super. 2012).

We begin by noting that "a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor **does not** raise a substantial question." **Commonwealth v. Caldwell**, 117 A.3d 763, 769 (2015) (emphasis in original). Accordingly, Appellant's argument that the sentencing court failed to consider all relevant factors is meritless.

Appellant also claims that the sentence is excessive because of the "Court's sole reliance on double hearsay," which should not have been admitted against him. In **Commonwealth v. Rhodes**, 990 A.2d 732 (Pa.Super. 2009), this Court found that an appellant presented a substantial question because he alleged that the trial court, *inter alia*, relied upon unsubstantiated hearsay in the imposition of sentence. Noting that the statements at issue in this matter are far from unsubstantiated and that the appellant in **Rhodes** also alleged that the sentencing court relied on a host of other impermissible factors in issuing its sentence, we find that Appellant arguably raises a substantial question. Nonetheless, he is entitled to no relief.

Appellant has offered no substantive or legally tenable argument that the sentencing court abused its discretion in this matter. Indeed, that court had access to a lengthy pre-sentence investigation that detailed the 21-year-old Appellant's eight years of criminal activity and court appearances. That activity included two felony offenses, multiple juvenile matters, multiple physical offenses, and a guilty plea to a charge of making terroristic threats, which included armed robbery and a drive-by shooting. Pre-sentence investigation, 8/28/14, at 4. At sentencing, Appellant's probation officer noted that the physical altercation that resulted in one of his violations at the prison "involved some significant violence and [Appellant] was definitely a detriment to Adams County Prison." N.T. Sentencing, 8/28/14, at 4. The

- 11 -

Court went on to remark that on "three, four, five separate occasions," Appellant was afforded leniency from court officials. Herein, Appellant was "given the opportunity though once again on [his] first conviction to serve [his] time locally and [he] responded by having a complete disrespect for prison officials and prison rules." *Id*.

Appellant has presented no basis for us to find in his favor. The sentencing court did not abuse its discretion in sentencing Appellant to serve no less than two years nor more than five years in a state institution. Accordingly, we affirm Appellant's sentence.

Judgment of sentence affirmed.

Judge Wecht joins this memorandum.

Justice Fitzgerald notes dissent.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/16/2015</u>