**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH BEAVER | |
| Appellant | No. 1163 EDA 2015 |

Appeal from the Judgment of Sentence March 18, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003379-2010

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED APRIL 01, 2016**

Keith Beaver appeals from his probation/parole violation sentence, entered in the Court of Common Pleas of Delaware County, after he was convicted of endangering the welfare of a child (EWC)[1] and statutory sexual assault.[2]  Beaver was sentenced to serve 572 days of back time for the EWC conviction and 18-36 months' incarceration for the sexual assault conviction. After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4304(a)(1).

[2] 18 Pa.C.S.A. § 3122.1.

In April 2011, Beaver entered a plea of no contest[3] and was sentenced on September 26, 2011, to an aggregate term of 17 years of sex-offender probation for the above-cited offenses. In June 2013, a bench warrant was issued for Beaver for violating his probation after he was arrested for aggravated assault, simple assault, robbery, harassment, and disorderly conduct. Beaver's probation was revoked and he was resentenced to time served to 23 months on the EWC conviction and a consecutive term of 10 years of probation for the sexual assault conviction. However, the court permitted Beaver to have "immediate parole upon an approved parole plan." Judgment of Sentence, 2/20/14.

On March 18, 2015, after holding *Gagnon I* and *Gagnon II*[4] hearings, the court found that Beaver technically violated conditions of his probation and parole when he used the internet, specifically several social media sites (Facebook, Slutrulett and Cheating Cougars), and was discharged from a sexual offender treatment program for non-compliance

---

[3] Although a jury trial commenced in April, Beaver entered a no contest guilty plea following the introduction of Commonwealth evidence. Beaver later filed a motion to withdraw his plea, which was denied following a hearing.

[4] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). A "*Gagnon I*" hearing is held in order to "ensure against detention on allegations of violation that have no foundation of probable cause." *Commonwealth v. Perry*, 385 A.2d 518, 520 (Pa. Super. 1978). The purpose a "*Gagnon II*" hearing is to determine whether facts exist to justify revocation of parole or probation. *Id.*

with group rules. The court revoked Beaver's parole and probation and resentenced him to "full back time of 572 days" on the EWC charge and a concurrent term of 18-36 months' incarceration for the sexual assault charge.[5] This timely appeal follows.

On appeal, Beaver raises the following issues for our consideration:

(1)     Whether the trial court erred by finding Mr. Beaver in violation of his probation and parole because the testimony did not prove any violations by a preponderance of the evidence.

(2)     Whether the court erred by failing to reparole Mr. Beaver on the child endangerment charge because the record presented more than the reasonable probability that the inmate would benefit by being paroled.

(3)     Whether the trial court erred because the record failed to indicate any cognizance or consideration of the statutory sentencing criteria.

(4)     Whether the trial court erred for not informing defendant of his right to allocution prior to sentencing upon revocation of probation.

---

[5] When counsel originally appealed to this Court in May 2015, he filed a petition to withdraw, pursuant to **Anders v. California**, 386 U.S. 738 (1967), raising one discretionary aspect of sentencing claim. A prior panel of this Court denied counsel's petition and remanded the matter for counsel to file either an advocate's brief or a proper **Anders** brief. **See Commonwealth v. Beaver**, No. 1163 EDA 2015 (Pa. Super. filed Dec. 8, 2015) (unpublished memorandum). Specifically, our Court determined that the possibility of a non-frivolous issue existed with regard to the trial court's failure comply with 42 Pa.C.S. § 9721(b) (upon resentencing offender following probation or parole violation, court shall make part of record and disclose in open court reasons for sentence imposed). Counsel has complied with our directive and now files an advocate's brief.

Beaver first asserts that the Commonwealth failed to prove, by a preponderance of the evidence, that he violated his probation. We disagree.

Unlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offense charged beyond a reasonable doubt, at a revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence. *Commonwealth v. Del Conte*, 419 A.2d 780 (Pa. Super. 1980).

Instantly, the trial court noted that while it did not believe that one of the alleged incidents cited by the Commonwealth "gave rise to a probation violation,"[6] the court did "find that there have been violations and . . . d[id] not accept the fact that these violations result[ed] from an attempt by [Beaver's] probation officer to in any way frame the Defendant." N.T. Probation/Parole Violation Hearing, 3/18/15, at 42. The court found credible the Commonwealth's testimony that Beaver was unsuccessfully discharged from his court-ordered sex offender treatment program for non-compliance with group rules. The court also noted that as a condition of his probation Beaver was required to receive approval from Probation and Parole before signing up for and/or operating any social media sites. *Id.* In August 2014,

---

[6] Specifically, the court found that Beaver did not willfully violate his probation by attending an anniversary dinner for his ex-sponsor, while in the presence of minors. As one of the conditions of his probation, Beaver was not permitted to have contact with minors or incapacitated person without a responsible adult present.

Beaver had been instructed to shut down his Facebook account. On November 18, 2014, Beaver was logged into sexually explicit internet sites on his laptop computer, as well as Facebook, while a probation agent was conducting a home compliance check. *Id.* at 4. Under such circumstances, we find that this credible evidence supports the trial court's determination that Beaver violated his probation. ***Commonwealth v. Castro***, 856 A.2d 178 (Pa. Super. 2004).

Beaver next contends that the trial court erred by failing to reparole him on the EWC charge because the record establishes, by more than a reasonable probability, that he would benefit by being paroled. Specifically, Beaver argues that the court should have given "deeper consideration as to total confinement" prior to imposing its restrictive sentence. Appellant's Brief, at 20.

Pursuant to 42 Pa.C.S. § 9776(e):[7]

(e) Recommit. --

The court **may**, on cause shown by the probation officer that the inmate has violated his parole, recommit and reparole the inmate in the same manner and by the same procedure as in the case of the original parole if, in the judgment of the court, there is a reasonable probability that the inmate will benefit by being paroled. The court may also recommit for violation of that parole.

---

[7] We note that an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. ***Commonwealth v. Mitchell***, 632 A.2d 934, 936 (Pa. Super. 1993).

42 Pa.C.S. § 9776(e) (emphasis added). While a court *may* reimpose parole under section 9776(e), based on Beaver's history of repeated parole and probation violations, the court acted well within its discretion by choosing not to reparole him on the EWC charge where there was no reasonable probability that Beaver would benefit by being reparoled.

In his third issue on appeal, Beaver contends that the trial court "failed to indicate any . . . consideration of the statutory sentencing criteria."[8] Appellant's Brief, at 19. This claim involves the discretionary aspect of Beaver's sentence. **See Commonwealth v. Fullin**, 892 A.2d 843 (Pa. Super. 2006). Because Beaver did not preserve this claim by raising it either at his sentencing hearing or in post-sentence motions,[9] it is waived.

---

[8] **See** 42 Pa.C.S. § 9721(b):

> In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

[9] The docket indicates that Beaver filed post-sentence motions on March 26, 2105, and a notice of appeal on April 16, 2015, prior to the court's disposition of his post-sentence motions. There are no post-sentence motions in the certified record. However, even if we accept the fact that he did file such motions, the Commonwealth states that the only issue raised in those motions was Beaver's contention that the court should reconsider sentencing him to a prison term less than 11½ to 23 months so that he could remain in county prison. **See** Commonwealth's Brief, at 12.

*See Commonwealth v. Reeves*, 778 A.2d 691 (Pa. Super. 2001) (objection to discretionary aspect of sentence waived if not raised in post-sentence motion or during sentencing proceedings).

In his final issue on appeal, Beaver asserts that the court failed to inform him of his right to allocution prior to imposing his probation revocation sentence.

Pursuant to Pa.R.Crim.P. 708(D):

(1)   At the time of sentencing [a defendant who has violated his or her probation], the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

Pa.R.Crim.P. 708(D)(1).  Again, a claim that a defendant's right to allocution was denied is one that must be raised at sentencing or in a post-sentence motion in order to be preserved on appeal.  *See* Pa.R.A.P. 302(a); *Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa. Super. 2014) (to preserve claim of error pertaining to right of allocution, defendant must raise claim before trial court at time of sentencing or in post-sentence motion) (citing *Commonwealth v. Jacobs*, 900 A.2d 368, 372 (Pa. Super. 2006) (en banc)).  In this case, Beaver did not assert any objections relating to the

denial of his right of allocution, either at his sentencing hearing on in a post-sentence motion. Therefore, it is also waived on direct appeal.[10]

Affirmed.


Judge Donohue did not participate in the consideration or decision of this Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2016

---

[10] We note that Beaver extensively testified at his resentencing hearing, explaining why he believed that he did not violate his probation and parole. *See* N.T. Probation/Parole Violation Hearing, 3/18/15, at 28-31.