J-S21001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS J. DURRETT | |
| Appellant | No. 1513 WDA 2015 |

Appeal from the Judgment of Sentence September 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007986-2014
CP-02-CR-0012775-2014
CP-02-CR-0013501-2014

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 12, 2017**

Thomas J. Durrett appeals from his probation revocation sentences (CP-02-CR-0007986-2014;  CP-02-CR-0012775-2014;  CP-02-CR-0013501-2014) entered in the Court of Common Pleas of Allegheny County.   Durrett was sentenced to an aggregate 4½ to 9 years' incarceration on all three cases.   After careful review, we vacate and remand for resentencing.

The trial court aptly set forth the relevant facts of the case as follows:

> [Durrett] was charged at CC 201407986 with Aggravated Assault – Bodily Injury to a Police Officer, Resisting Arrest, Harassment and Public Drunkenness in relation to an incident concerning a fight with his girlfriend and his subsequent kicking of the police officer who arrested him.   He appeared before this Court on October 27, 2014 and pled guilty to an amended count of Simple

---

* Retired Senior Judge assigned to the Superior Court.

Assault, Resisting Arrest and Harassment. He was immediately sentenced to time served (10 days) with an additional term of probation of 18 months with special conditions including no contact with the victim and drug and alcohol evaluation. No Post-Sentence Motions were filed and no direct appeal was taken.

[Durrett] . . . was charged at CC 201413501 with two (2) counts of Endangering the Welfare of a Child and with Terroristic Threats in relation to an altercation between [Durrett] and another man, where [Durrett's] two (2) children were present and one became trapped underneath a folded-up stroller and one became trapped under the two men when they fell to the ground during the altercation. [Durrett] appeared before this Court on February 4, 2015 and pled guilty to all charges. He was immediately sentenced to time served (132 days), with an additional term of probation of three (3) years, with the special conditions of no contact with the victims, a drug and alcohol evaluation and a JRS plan. No Post-Sentence Motions were filed and no direct appeal was taken.

[Durrett] was next charged at CC 201412775 with Retail Theft, Receiving Stolen Property, False Identification to Law Enforcement, Possession of Drug Paraphernalia, Disorderly Conduct and Public Drunkenness in relation to an incident where he stole a bottle of liquor from the Wine and Spirits store on Weaver Avenue in Sewickley Borough and was later found passed out on another person's porch. He appeared before this Court on February 4, 2015.

A review hearing was held on May 14, 2015[,] at which time it was established that [Durrett] had not obtained a drug and alcohol evaluation, that he was terminated from his treatment plan due to noncompliance and that he had contacted his children in violation of the no-contact order. This Court issued a detainer and scheduled a Stage 2 [*Gagnon*[1]] hearing. That

---

[1] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). A defendant is generally entitled to two separate hearings prior to revoking probation. *Commonwealth v. Cappellini*, 690 A.2d 122, 1227 n.4 (Pa. Super. 1996), citing *Gagnon*, *supra*. The purpose of the first (*Gagnon I*) hearing is to "ensure against detention on allegations of violation that have no foundation of probable cause." *Id.*, citing *Commonwealth v. Perry*, 385 A.2d 518,

*(Footnote Continued Next Page)*

hearing was held on September 3, 2015, and at its conclusion, this Court found that [Durrett] had violated his probation. This Court revoked [Durrett's] probation at each of the cases and imposed consecutive terms of imprisonment as follows: at CC 201413501, two and one[-]half (2 1/2) to five (5) years; at CC 201407896, one (1) to two (2) years; and at CC 201512775, one (1) to two (2) years, for an aggregate term of imprisonment of four and one[-]half (4 1/2) to nine (9) years. A timely Motion to Reconsider Sentence was filed and was denied on September 17, 2015.

Trial Court Opinion, 7/18/16, at 1-3 (footnotes omitted). Durrett filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[2] He raises the following issues for our review:

(1)    Whether the revocation sentence imposed by the trial court is illegal because it failed to determine, at the time of resentencing, whether Mr. Durrett is an eligible offender under the Recidivism Risk Reduction Incentive [RRRI] Act, in violation of 61 Pa.C.S. § 4505(a).

(2)    Whether the trial court abused its discretion by revoking Mr. Durrett's probations at CC 201407986, CC 201412775 and CC 201413501 and ordering an excessive and unreasonable aggregate sentence of 4½ - 9 years['] incarceration, particularly when the trial court failed to consider Mr. Durrett's rehabilitative needs and other required sentencing factors pursuant to 42 Pa.C.S. §

_(Footnote Continued)_ ────────────────

520 (Pa. Super. 1978). The purpose of the second (**Gagnon II**) hearing is to determine whether facts exist to justify revocation of parole or probation. **Id.**

[2] The court granted Durrett several motions for extension of time to file his Rule 1925(b) statement due to the fact that he was waiting for transcripts necessary for appeal. The statement, therefore, was deemed timely. **See** Pa.R.A.P. 1925(b)(2) (court may enlarge time period to file Rule 1925(b) statement for good cause, including delay in production of necessary transcript).

9721(b) and the sentencing code's mandates for total confinement, pursuant to 42 Pa.C.S. § 9771(c) and 42 Pa.C.S. § 9725, were not sufficiently established.

Durrett first contends that the trial court impermissibly failed to determine, at the time of his probation revocation sentencing, whether he was an eligible offender under the RRRI Act. As a result, he contends his sentence is illegal. We agree.

Pursuant to 61 Pa.C.S. § 4505(a), "at the time of sentencing, the court *shall* make a determination whether the defendant is an eligible offender." 61 Pa.C.S. § 4505(a) (emphasis added). **See also** 42 Pa.C.S. § 9756(b.1) (Sentencing Code provision stating that in imposing sentence of total confinement, at time of sentencing, "the court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence[.]"). When a trial court fails to make a statutorily-required RRRI eligibility determination at sentencing, the defendant's sentence is rendered illegal. **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010).[3]

Instantly, the trial court never made a determination regarding Durrett's RRRI eligibility at his revocation sentencing hearing. Thus, as the Commonwealth concedes, Durrett's sentences are illegal. **Robinson**, **supra**. Accordingly, we must vacate the sentences and remand for

_____

[3] We note that the prosecution has the discretion to waive RRRI eligibility requirements; however, here, the Commonwealth did not elect to do so.

resentencing, at which time the court shall determine Durrett's eligibility for RRRI in each case and, if he is deemed eligible, sentence him accordingly.

Judgments of sentence[4] vacated. Case remanded for instructions. Jurisdiction relinquished.[5]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2017

---

[4] We must remand for resentencing at all three docket numbers, CC 201407986, CC 201412775 and CC 201413501, where the court ran the sentences on each case consecutively. *See Commonwealth v. Goldhammer*, 517 A.2d 1280 (Pa. 1986).

[5] Because we are vacating and remanding for resentencing based on Durrett's first issue, we need not reach the second issue regarding the discretionary aspect of his sentences.