**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD WESLEY MUDGE | : | |
| | : | |
| Appellant | : | No. 919 WDA 2021 |

Appeal from the PCRA Order Entered July 20, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004022-2012

BEFORE:    McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JULY 19, 2022**

Richard Wesley Mudge (Appellant) appeals from the order entered in the Allegheny County Court of Common Pleas, denying without a hearing his first, timely Post Conviction Relief Act[1] (PCRA) petition.  The underlying judgment of sentence stems from the 2018 revocation of Appellant's probation following a **Gagnon II**[2] hearing.  Appellant maintains his prior counsel was ineffective for not objecting to the lack of a **Gagnon I** hearing.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9545.

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (discussed **infra**).

On June 21, 2012, Appellant pleaded *nolo contendere* to indecent assault, two counts of simple assault, harassment, criminal mischief, defiant trespass, resisting arrest, and public drunkenness.[3] The trial court imposed an aggregate sentence of three months' intermediate punishment and two years' probation, and directed Appellant to comply with sexual offender registration requirements. N.T., 6/21/12, at 23.

Appellant's probation was revoked twice, on January 27, 2014, and November 14, 2016, and he was resentenced by the trial court. ***Commonwealth v. Mudge***, 731 WDA 2018 (unpub. memo. at 2) (Pa. Super. Mar. 25, 2019) (direct appeal from third revocation of probation (VOP) judgment of sentence).

At some point in 2017 or 2018, Probation Officer Heather Bradford filed a petition to revoke Appellant's probation for a third time.[4] She alleged: (1) the "3/4 house," where Appellant resided, reported he refused to submit to a urine sample on November 22, 2017; (2) Appellant then agreed to the drug

---

[3] 18 Pa.C.S. §§ 3126(a)(2), 2701, 2709, 3304(a)(5), 3503(b)(1)(i), 5104, 5505, respectively. At the plea hearing, the Commonwealth provided the following factual summary: on the night of February 3, 2012, Appellant was socializing with three people inside a residence, drinking alcohol. Appellant "became sexually aggressive towards" one person, and four times "forc[ed] his hands down the front of [her] pants," ultimately touching her vagina. N.T. *Nolo Contendere* Plea, 6/21/12, at 13-14.

[4] The trial docket does not indicate when the probation department initiated these violation of probation proceedings.

test, but "was caught trying to alter the test by having a vial with a liquid[,]" and as a result, "was asked to leave the recovery house[;]" and (3) Appellant admitted to the probation officer on November 28th that he used heroin and marijuana, which was in violation of his probation conditions. **See** Probation Unit's ***Gagnon II*** Violation Report, 5/3/18, at 2.[5] The probation violation report further averred: (1) Appellant was assessed by "Pyramid" to participate in "intensive out-patient group" therapy, but he "convinced the therapist to allow him to come to individual one time a week [appointments] due to his busy schedule[;]" (2) the Probation Office warned Appellant to follow the treatment provider's recommendation, but nevertheless he "continued with treatment once a week;" and (3) "[t]he therapist reported [Appellant] missed his last 2 sessions, and previous to that, he was . . . resistant and not making any progress." ***Id.***

At this juncture, we note Appellant's issue on appeal pertains to whether the trial court conducted a ***Gagnon I*** hearing. The trial docket entries do not indicate that one was held, but the trial court has observed, "[I]t appears from the record that a ***Gagnon I*** hearing occurred on February 5, 2018. [I]t further appears that this hearing was not transcribed for unknown reasons." PCRA Ct. Op., 12/13/21, at 4 n.2. The probation department's May 3, 2018, report

---

[5] This probation violation report is dated May 7, 2018, but bears a "filed" time stamp of, and was entered on the trial docket on, May 3rd. For ease of review, we cite this document with the trial docket date of May 3rd.

similarly stated a ***Gagnon I*** hearing was held on February 5, 2018, and furthermore, that at this hearing, the court ordered a pre-sentence investigation report and scheduled a ***Gagnon II*** hearing for May 7, 2018. Probation Unit's ***Gagnon II*** Violation Report at 2.

In any event, the trial court conducted a ***Gagnon II*** hearing on May 7, 2018. Appellant was represented by Brandon Ging, Esquire (VOP Counsel). Appellant did not deny the probation department's allegations, but cited his ongoing "drug and alcohol problems." N.T., Sex Offender Violation H'rg, 5/7/18, at 5.[6] The court revoked Appellant's probation, crediting the probation officers' report and noting this was Appellant's third violation and "he was on zero tolerance with" the court. ***Id.*** at 15-16. The court imposed a new sentence of: (1) two and a half to five years' imprisonment on his indecent assault conviction; (2) a consecutive one to two years' imprisonment for one simple assault conviction; and (3) a consecutive two years' probation on the other simple assault conviction, to run concurrently with Appellant's other probation sentences. ***Id.*** at 16-17.

Appellant took a direct appeal to this Court, challenging the discretionary aspects of his sentence. This Court affirmed on March 25, 2019,

_____

[6] The cover of the May 7, 2018, hearing transcript identifies the proceedings as a "Sex Offender Violation Hearing." However, at

and Appellant did not seek allowance of appeal with our Supreme Court. *Mudge*, 731 WDA 2018.

On March 9, 2020, Appellant filed the timely, underlying PCRA petition, *pro se*.[7]  Approximately one year later, on March 11, 2021, the PCRA court appointed present counsel, Samir Hadeed, Esquire.[8]  Counsel filed an amended PCRA petition on April 19, 2021, asserting Appellant was denied proper **Gagnon I** and **Gagnon II** hearings, and VOP Counsel was ineffective for not objecting to the lack of a **Gagnon I** hearing or the alleged "[in]sufficient case of a violation at the **Gagnon** [**II**] hearing."  Appellant's Amended PCRA Petition, 4/19/21, at 2, 4 (unpaginated).

_____

[7] For PCRA purposes, Appellant's judgment of sentence became final when the 30-day period for seeking allowance of appeal expired — April 24, 2019.  **See** 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at conclusion of direct review or at expiration of time for seeking the review); Pa.R.A.P. 1113(a) (petition for allowance of appeal shall be filed with Pennsylvania Supreme Court within 30 days of Superior Court order).  Appellant then generally had one year, or until April 24, 2020, to file a PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1) (PCRA petition shall be filed within one year of the date the judgment becomes final).  As stated above, Appellant filed the underlying *pro se* petition on March 9, 2020.

[8] We note that following Appellant's *pro se* PCRA petition, he filed, on August 24, 2020, a *pro se* petition to enforce his *nolo contendere* plea agreement. **See Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa. Super. 2014) (petition to enforce plea agreement falls outside ambit of PCRA).  Appellant claimed: (1) in pleading *nolo contendere*, he was not required to admit he committed a sex offense; and (2) accordingly, the trial court erred in requiring him to complete sex offender treatment.  **See Commonwealth v. Mudge**, 1083 WDA 2020 (unpub. memo. at 3-4) (Pa. Super. Dec. 7, 2021).  The trial court denied relief on September 14, 2020, and Appellant appealed *pro se* to this Court, which affirmed on December 7, 2021.

On May 27, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a counseled response, reiterating his PCRA petition claims. The court issued the underlying order denying the petition on July 20, 2021. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents one issue for our review:

> Whether the trial court erred in dismissing Appellant's petition without a hearing when Appellant alleged that his rights were violated under **Gagnon v. Scarpelli** and its progeny and there was at least a prima facie showing that there was no **Gagnon** [***I***] or [***II***] hearing compliant with **Gagnon v. Scarpelli** and his counsel failed to bring this up in a subsequent proceeding?

Appellant's Brief at 2.

We note the relevant standard of review and general principles governing claims of ineffective assistance of counsel:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. . . .

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [a petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

*Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013) (citations omitted).

For ease of review, we also set forth, at this juncture, the relevant law concerning *Gagnon I* and *Gagnon II* VOP hearings. "When a . . . probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed." *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citation and emphasis omitted). "[T]he *Gagnon I* hearing is similar to the preliminary hearing afforded all offenders before a Common Pleas Court trial: the Commonwealth must show probable cause that the violation was committed." *Commonwealth v. Davis*, 336 A.2d 616, 621 (Pa. Super. 1975).

If the trial court finds probable cause at the *Gagnon I* hearing, "a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made." *Ferguson*, 761 A.2d at 617. The *Gagnon II* hearing entails two decisions: (1) first, whether the evidence presented "contain[s] 'probative value'" that the probationer violated the conditions of their probation; and (2) if so, should the probationer "be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation[.]" *Id.* (citations omitted). "[T]he *Gagnon II* hearing is more complete than the *Gagnon I* hearing in affording the probationer additional due process safeguards," including written notice of the

alleged probation violations, disclosure of the evidence against them, and the right to confront adverse witnesses. *Id.*

In *Commonwealth v. Perry*, 385 A.2d 518 (Pa. Super. 1978), this Court explained:

> If before his . . . probation is revoked a . . . probationer has not complained of the lack of a *Gagnon I* hearing, he has already suffered the harm that the omission allegedly caused[. S]ince the substance of the revocation proceeding is not affected by the omission, the . . . probationer will not be heard to complain later.
>
> This is analogous to the rule that objections to defects in a preliminary hearing . . . or to the denial of a preliminary hearing must be raised by a motion to quash the indictment; otherwise, all such procedural and "non-jurisdictional" defects are waived.
>
> The United States Court of Appeals for the Second Circuit drew this same analogy in *United States v. Companion*, 545 F.2d 308 (2d Cir. 1976):
>
> > [A] defendant's status after conviction is the result of that conviction, not the result of his pretrial detention; the court lacks power "to remedy, retrospectively, . . . denial of a 'fundamental right' which has no bearing on appellant's present incarceration"; the remedy of release from custody "is one to be sought prior to conviction."
> >
> > This rationale is directly applicable (in a probation revocation case). Appellant's present incarceration stems from a decision by (the revoking court) made after a hearing that was adequate in all respects; the denial of appellant's preliminary hearing right no longer has any relation to his incarceration. . . . To order appellant's release from custody at this time would be to grant an extreme remedy for a deprivation from which appellant is no longer suffering. This remedy should have been sought at the time that the deprivation of rights was actually occurring.

*Perry*, 385 A.2d at 520 (some citations omitted).

Appellant avers he was denied proper **Gagnon I** and **Gagnon II** hearings. We address each *seriatim*. With respect to a **Gagnon I** hearing, the sum of his argument is: he made "a *prima facie* showing that [he] did not have a **Gagnon I**" hearing; "[t]here would be no reasonable strategy for counsel's failure to object to" this violation of Appellant's rights; counsel "was ineffective for failing to preserve this issue[;]" and Appellant was prejudiced. Appellant's Brief at 4, 6. No relief is due.

First, as Appellant concedes, it is not clear from the record whether there was a **Gagnon I** hearing. **See** Appellant's Brief at 3 (arguing he "raised at least a prima facie case that he never had a **Gagnon I**" hearing). Although Appellant broadly avers VOP counsel had no reasonable strategy for not objecting to the lack of a **Gagnon I** hearing, and that he suffered prejudiced, Appellant fails to explain what, exactly, he was denied. **See id.** at 6. Appellant does not cite any particular claim of injury beyond the vague, possible lack of a **Gagnon I** hearing.[9] He does not allege he was denied any procedural or substantive due process that was not cured by the **Gagnon II** hearing. Indeed, the **Gagnon II** hearing, held on May 7, 2018, provided more

_____

[9] We remind counsel that the failure to present relevant discussion and argument may result in waiver of appellate claims. **See Commonwealth v. Price**, 876 A.2d 988, 996 (Pa. Super. 2005).

procedural safeguards than required of a *Gagnon I* proceeding.[10] *See Perry*, 385 A.2d at 520. Accordingly, no relief is due on this claim.

Next, Appellant avers he was denied a proper *Gagnon II* hearing on the following grounds. Although the PCRA court's opinion stated "that Appellant 'Lied about [using drugs while at three-quarter house], [and] attempted to fake a drug screen[,]'" there was no such evidence at the *Gagnon II* hearing. Appellant's Brief at 5, *citing* PCRA Ct. Op. at 5. Appellant extrapolates from this lack of evidence a conclusion that he "was not provided a proper *Gagnon* [*II*]" hearing. Appellant's Brief at 5. No relief is due.

First, we reject any argument that the PCRA court's December 2021 mis-citation to evidence, that was allegedly not presented at the *Gagnon II* hearing, somehow renders the May 2018 *Gagnon II* hearing invalid. Appellant provides no legal support for such logic. Second, we reject his insistence that because Probation Officer Bradford did not testify at the

_____

[10] The PCRA court reasoned: "Appellant claims that he did not have a proper *Gagnon I* hearing. This claim is waived. . . . At the *Gagnon II* hearing, counsel did not object to any defect or errors in the *Gagnon I* hearing. The failure to raise the issue at that time precludes its consideration now." PCRA Ct. Op. at 3-4.

We would agree that VOP Counsel's failure to object to the lack of a *Gagnon I* hearing resulted in waiver during the VOP proceedings and on direct appeal. *See Perry*, 385 A.2d at 520. However, Appellant's present claim is that VOP Counsel was **ineffective** for not objecting. This issue was properly raised, for the first time, in Appellant's PCRA petition. Nevertheless, "[t]his Court may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

- 10 -

***Gagnon II*** hearing, she did not present any evidence. Instead, her May 3, 2018, violation report, which set forth the VOP allegations, was properly before the court for review. To the extent Appellant is challenging the sufficiency of the evidence at the ***Gagnon II*** hearing, such a claim is not cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(3) (PCRA petitioner must prove by preponderance of the evidence that allegation of error has not been waived); ***Price***, 876 A.2d at 995 (challenge to sufficiency of evidence to support sexually violent predator classification is not cognizable under PCRA).

Lastly, Appellant suggests "it does not appear [in the ***Gagnon II*** hearing transcript that Officer] Bradford was sworn in[.]" Appellant's Brief at 5. This claim was not raised in Appellant's amended PCRA petition or Rule 1925(b) statement and is thus waived. ***See*** Pa.R.A.P. 1925(b)(3)(iv) (any issue not included in Rule 1925(b) statement shall be deemed waived); ***Commonwealth v. Reid***, 99 A.3d 470, 494 (Pa. 2014) (claim not raised in PCRA petition is waived for appellate review).

For the forgoing reasons, we conclude Appellant has failed to show the PCRA court erred in denying his petition. ***See Timchak***, 69 A.3d at 769. We thus affirm the order denying relief.

Order affirmed.

Judgment Entered.

- 11 -

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/19/2022