## Commonwealth *v.* Bowman, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Sanford A. Krevsky,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

This appeal arises from the lower court's denial of appellant's petition under the Post Conviction Hearing Act. The basis of the appellant's petition was the failure of the preliminary hearing court to provide the appellant with counsel despite his request therefor. The appellant argues that in so doing the hearing court infringed upon his Sixth Amendment right to counsel as enunciated in *Coleman v. Alabama,* 399 U.S. 1 (1970) ;[1] and, that such an infringement requires our granting the appellant a new trial despite his failure to file a

[1] *Coleman* recognized that a preliminary hearing is a "critical" stage in the proceedings especially in light of the fact that the accused is required to enter a plea. Since the preliminary hearing is a critical stage, the accused's Sixth Amendment right to counsel is activated. See *United States v. Wade,* 388 U.S. 218 (1967).

motion to quash the indictment prior to pleading thereto[2] and his subsequent plea of guilty. We disagree.

Although the appellant had ample time to file pretrial or pre-arraignment motions based upon the hearing court's failure to provide him with counsel, he did not do so, presumably because a new preliminary hearing would have profited him little. By pleading to the indictment without preserving such an objection, however, the appellant waived all procedural and "nonjurisdictional" defects not previously preserved: *Commonwealth v. Irby,* 445 Pa. 248 (1971); *Commonwealth v. Allen,* 443 Pa. 447 (1971). Furthermore, by entering a plea of guilty at trial while represented by counsel, the appellant limited the legally cognizable issues on appeal to those which affect either the voluntariness of his guilty plea or the legality of his sentence: *Commonwealth v. Person,* 450 Pa. 1 (1972); *Commonwealth v. Zanine,* 444 Pa. 361 (1971).

The record discloses, and the appellant does not dispute, that there was an adequate guilty plea colloquy during which the appellant was apprised of the nature of the charges brought against him, his right to a jury trial, and the consequences of his plea, including its effect upon his rights to appeal. A guilty plea entered under such circumstances is, *prima facie,* valid: *Commonwealth v. Allen, supra.*[3] The appellant does not

---

[2] The appellant was represented by counsel at both the arraignment and trial.

[3] Our Supreme Court has recently held that a guilty plea also constitutes a waiver of any objection to a denial of the preliminary hearing itself. *Commonwealth v. Little,* 455 Pa. 163 (1974). See also *Commonwealth ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 154 (1955), *cert. denied,* 350 U.S. 940 (1956). Therefore, even though the denial of a preliminary hearing is ordinarily reversible error in Pennsylvania [*Commonwealth v. Brabham,* 225 Pa. Superior Ct. 331 (1973)], the appellant must show that its denial had some effect upon the voluntariness of his guilty plea, or that defect is waived.

now argue, nor does the record indicate, that the denial of counsel at the preliminary hearing affected or vitiated the voluntariness of his guilty plea. That being the case, the lower court's error in denying the appellant his right to have counsel present at the preliminary hearing is not now appealable. See generally L. Hall et al., Modern Criminal Procedure 972-73 (1969).

Order affirmed.

HOFFMAN, J., concurs in the result.

