J-S34034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RANDALL LUTR SATCHER, JR., | |
| Appellant | No. 2194 EDA 2016 |

Appeal from the PCRA Order June 9, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0009301-2014

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 23, 2017**

Appellant, Randall Lutr Satcher, Jr., appeals, *pro se*, from the order of June 9, 2016, which dismissed, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.

On February 9, 2015, the Commonwealth filed a criminal information charging Appellant with nine counts of robbery, one count of criminal conspiracy, two counts of aggravated assault, one count of theft by unlawful taking, one count of receiving stolen property, one count of possession of an

_____

[*] Retired Senior Judge assigned to the Superior Court.

instrument of crime, two counts of simple assault, two counts of reckless endangerment, and two counts of unlawful restraint. The charges arose out of the October 2013 home invasion of the residence of Sang Koo and Bong Ho Park in Montgomery County, Pennsylvania. During the incident, Appellant assaulted Bong Ho Park with a blunt object.

On August 5, 2015, after the start of a jury trial, Appellant entered a negotiated guilty plea to one count of robbery and one count of conspiracy to commit robbery. The trial court immediately sentenced Appellant in accordance with the terms of the plea agreement to a term of incarceration of not less than five nor more than ten years to be followed by a five-year term of probation. Appellant never sought to withdraw his guilty plea and did not file a direct appeal.

On December 28, 2105, Appellant, acting *pro se*, filed a timely PCRA petition. On January 14, 2016, the PCRA court appointed counsel. On March 14, 2016, counsel filed a petition to withdraw.[1] On April 5, 2016, the PCRA court granted counsel's request to withdraw and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response to the Rule 907 notice. On June 9, 2016, the PCRA court dismissed Appellant's PCRA petition. On

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

J-S34034-17

July 11, 2016, Appellant filed a timely[2] notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On July 25, 2016, the PCRA court issued an opinion discussing only the question of the timeliness of Appellant's appeal. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.[3]

I. Was trial counsel ineffective for failing to protect Appellant's constitutional rights where a faulty identification was entered into the record where the description of the actor did not match Appellant?

II. Was counsel ineffective where Appellant was not permitted to face his accuser?

III. Was Appellant's right to confrontation violated where the detective testified to a witness['s] statement?

IV. Did the PCRA court err as a matter of law when it dismissed Appellant's PCRA petition?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Appellant appeals from the denial of his first PCRA petition. We review the denial of a post-conviction petition to determine whether the record

---

[2] The thirtieth day after denial of his petition, July 9, 2016, was a Saturday. Thus, Appellant had until Monday, July 11, 2016, to file his notice of appeal. However, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted). Appellant's notice of appeal is postmarked July 11, 2016, thus his appeal is timely filed.

[3] We have reordered the issues in Appellant's brief.

supports the PCRA court's findings and whether its order is otherwise free of legal error. ***See Commonwealth v. Faulk***, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). ***See*** 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

- 4 -

Here, Appellant contends that he received ineffective assistance of plea counsel. (**See** Appellant's Brief, at 8-11). "A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. **See Strickland v. Washington**, 466 U.S. 668, 687-88 (1984); **Commonwealth v. Jones**, 815 A.2d 598, 611 (Pa. 2002). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been

different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds*, *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, *supra* at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, *supra* at 370 (citation omitted).

In the first issue, Appellant claims that counsel was ineffective for not challenging the "faulty identification" of him by the victim. (Appellant's Brief, at 8). However, Appellant waived this issue.

Appellant's argument consists of three sentences; the first recounts the victim's description of the assailant. (*See id.*). The second summarizes co-defendant Sean Favors' description of Appellant. (*See id.*). The third states that Appellant wants to preserve this issue in case of a new trial. (*See id.*).

Appellant's argument is in contravention of Pennsylvania Rule of Appellate Procedure 2119, because he fails to provide pertinent law or discussion of this issue, or any citation to the certified record. (*See id.*); *see also* Pa.R.A.P. 2119(a)-(c), (e). It is all but impossible to ascertain Appellant's argument. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*,

918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) (citation omitted). When such deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived. ***See id.*** Because Appellant has not satisfied his burden by developing this issue in any fashion, we deem it waived. ***See*** Pa.R.A.P. 2101, 2119(a)-(c), (e); ***Hardy***, ***supra*** at 771.

In the second and third issues, both concerning the Appellant's preliminary hearing, Appellant claims that counsel was ineffective for denying him the right to confront his accuser, (***see*** Appellant's Brief, at 8-10); and for allowing Detective Thomas Witting, III to testify about Sean Favors' statement to the police. (***See id.*** at 11). However, this Court has held that once a defendant has pleaded guilty or gone to trial and been found guilty he cannot establish actual prejudice relative to alleged errors that took place at a preliminary hearing. ***See Commonwealth v. Sanchez***, 82 A.3d 943, 984 (Pa. 2013), *cert. denied*, 135 S.Ct. 154 (2014); ***see also Commonwealth v. Lyons***, 568 A.2d 1266, 12698 (Pa. Super. 1989), *appeal denied*, 583 A.2d 792 (Pa. 1990) (concluding counsel was not ineffective where appellant failed to show that "the absence of a preliminary hearing in any way undermined the truth determining process so as to render unreliable this trial court's finding of guilty."); ***Commonwealth v. Bowman***, 325 A.2d 818, 819 (Pa. Super. 1971) (holding issues regarding preliminary hearing not appealable where appellant entered voluntary guilty

plea). Therefore, the second and third claims of ineffective assistance of plea counsel must fail.

Appellant also appears to claim generally that these errors by counsel discussed in his first three issues unlawfully induced him to plead guilty. (*See* Appellant's Brief, at 7-8). This issue lacks merit.

We have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *See id.* At a minimum, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id.*

Here, the record demonstrates that, in the totality of the circumstances, Appellant's guilty plea was voluntary, knowing and intelligent. Appellant, after being informed of all his rights, stated that he wished to plead guilty. (*See* N.T. Guilty Plea Hearing, 8/05/15, at 19-21; Written Guilty Plea Colloquy, 8/05/15, at 1-9). He acknowledged in the written plea colloquy that he understood that he was giving up his right to trial by jury or by the court sitting as the finder of fact; relinquishing his right to file pre-trial motions; and knew the sentencing ranges. (*See* Written Plea Colloquy, at 3-7). He stated that no one forced or threatened him. (*See* N.T. Plea Hearing, at 20-21; Written Plea Colloquy, at 6). Appellant agreed that he understood the negotiated sentence and that he would have limited appellate rights. (*See* N.T. Plea Hearing, at 20; Written Plea Colloquy, at 5).

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea

that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, there is nothing on the record to support Appellant's contention that his plea was either coerced or invalid. *See McCauley*, *supra* at 922. Thus, his claim that he received ineffective assistance of plea counsel lacks merit. *See Jones*, *supra* at 611.

In the final claim, Appellant argues that the PCRA court erred in dismissing his petition without an evidentiary hearing. (*See* Appellant's Brief, at 7-8). The Pennsylvania Rules of Criminal Procedure provide the PCRA court with the discretion to dismiss a PCRA petition without an evidentiary hearing if it is patently without merit. *See* Pa.R.Crim.P. 907. Because Appellant's ineffective assistance of counsel claims lack merit as pleaded, he is not entitled to an evidentiary hearing. *See Miller*, *supra* at 992.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017