J-S38021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DONALD PAUL MILLIREN, JR. :
:
Appellant : No. 1513 WDA 2017

Appeal from the PCRA Order September 8, 2017
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000275-2013

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: FILED OCTOBER 17, 2018

Appellant Donald Paul Milliren, Jr. appeals from the order denying his

timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that

the PCRA court erred in denying his claims regarding the ineffective assistance

of counsel and violations of his right to counsel for a preliminary hearing. We

affirm.

On May 5, 2013, Appellant approached Paul Snyder near Reisenman

Avenue in Franklin, Venango County, displayed a knife, and demanded the

keys to Snyder's car. Snyder complied, and Appellant drove Snyder's car

away from the scene. At some time that same day, Appellant took a bag from

the vehicle of Dana Bahm. The bag contained Bahm's personal items,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

including an iPod, which were valued at over $200. A police officer responded to a report of the robbery of Snyder's car and filed a criminal complaint that same day.

According to the complaint, Appellant and Bahm were formerly in a relationship. Criminal Compl., Aff. of Probable Cause, 5/5/13. Before the incidents in question, Appellant and Bahm stayed at a motel in Erie County. Appellant drove Bahm's car to Venango County and parked near Snyder's vehicle. Appellant took Snyder's car and left Bahm's car at the scene. When contacted by the police, Bahm reported that Appellant took the key to her car while she was sleeping and did not have permission to use her car. Appellant was taken into formal custody on May 8, 2013.[2]

The magisterial district court's docket shows that the court initially scheduled a preliminary hearing for May 15, 2013. The court continued the hearing because the Commonwealth's witness was unavailable. The court then continued hearings scheduled for May 22 and May 29, 2013, for Appellant to obtain counsel. On June 12, 2013, Appellant waived his right to counsel and his preliminary hearing, and the court bound the matter over to the court of common pleas.

---

[2] The record does not recount the precise circumstances of Appellant's arrest. It appears, however, that Appellant was arrested and then hospitalized before being jailed on the charges on May 8, 2013.

On July 18, 2013, the Commonwealth charged Appellant with eight counts, including the robbery of Snyder's motor vehicle, a first-degree felony, and the theft from Bahm's motor vehicle, a first-degree misdemeanor.[3] Following a hearing on Appellant's finances, the trial court directed the public defender's office to represent Appellant. Thereafter, the public defender assigned Charles W. Phillips, II, Esq. (plea counsel) to represent Appellant.

On September 23, 2013, the trial court ordered a mental health examination of Appellant to determine whether he could be found guilty but mentally ill.[4] Charles Romero, M.D. found that Appellant had a severe mental disease or defect and lacked a substantial capacity to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of the law.[5] On January 21, 2014, Appellant filed a motion to plead guilty but mentally ill.

The trial court convened a plea hearing on January 27, 2014. Following a colloquy, Appellant offered his plea of guilty but mentally ill to the robbery of Snyder's motor vehicle and the theft from Bahm's motor vehicle. The court accepted Appellant's plea and deferred sentencing for the preparation of a presentence investigation report (PSI).

_____

[3] 18 Pa.C.S. §§ 3702(a) and 3934(a), respectively.

[4] See 18 Pa.C.S. § 314.

[5] See Appellant's Mot. to Plead Guilty but Mentally Ill, 1/21/14, at ¶ 3.

Shortly after Appellant's plea, plea counsel left the public defender's office. The public defender's office assigned Jeannine Botta Guth, Esq. (post-plea counsel) to represent Appellant.

On March 19, 2014, the trial court sentenced Appellant to 6½ to 13 years' imprisonment for the robbery of Snyder's motor vehicle and a consecutive 5 years' probation for the theft from Bahm's motor vehicle. Appellant did not file a post-sentence motion or take a direct appeal. Post-plea counsel filed a motion to withdraw from representation on April 23, 2014, asserting that the time for taking an appeal had expired. The court granted post-plea counsel's request to withdraw the following day.

On April 20, 2015, the PCRA court docketed Appellant's timely pro se PCRA petition, his first.[6] The PCRA court initially appointed counsel, who filed a first amended petition. However, the court determined there was a conflict with counsel's representation of Appellant and appointed John C. Lackatos, Esq. (present counsel) to represent Appellant.

On April 18, 2017, present counsel filed a second amended petition, raising the following relevant claims: (1) post-plea counsel's failure to file post-sentence motions or a direct appeal; (2) plea counsel's failure to investigate possible defenses; (3) plea counsel's misrepresentations of the

_____

[6] The one-year time limitation for filing a PCRA petition expired on Saturday, April 18, 2015. See 42 Pa.C.S. § 9545(b)(1). Therefore, the docketing of Appellant's pro se petition on Monday, April 20, 2015, made his petition timely. See 1 Pa.C.S. § 1908.

- 4 -

terms of the plea agreement; (4) a violation of Appellant's right to counsel at a preliminary hearing; and (5) plea counsel's ineffectiveness for failing to argue the denial of the right to counsel at a preliminary hearing.

The PCRA court held evidentiary hearings on April 25, 2017, and August 29, 2017. Appellant testified in support of his claims. Plea counsel and post-plea counsel also testified.[7] On September 14, 2017, the PCRA court issued its findings and an order denying Appellant's petition.

Appellant timely filed a notice of appeal on October 5, 2017, and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement. This appeal follows.

Appellant presents five questions for review, which we have reordered as follows:

> [1.] Did the [PCRA] court err in not finding [post-plea counsel] ineffective for her failure to file a post-sentence motion and/or direct appeal as timely requested by [Appellant]?
>
> [2.] Did the [PCRA] court err in not finding [that plea counsel] provided ineffective assistance of counsel to [Appellant] by his failure to investigate the Commonwealth's evidence against [Appellant]'s factual defenses by counsel's failure to obtain:
>
> > a) telephone records between [Bahm] and [Appellant];
> >
> > b) the absence of police reports by [Bahm] indicating her car was stolen; and

---

[7] Additionally, the Commonwealth called present counsel's wife, who was a prison advocate when Appellant was held in county prison. Appellant expressly waived the potential conflict in having present counsel cross-examine his wife.

c) failure to obtain surveillance video from Country Fair?

[3.] Did the [PCRA] court err in not finding [plea counsel] misrepresented the Commonwealth's plea bargain, thereby wrongfully [inducing Appellant]'s guilty plea?

[4.] Did the [PCRA] court err in not granting [Appellant] a new preliminary hearing where he was not afforded appointed counsel and where he was mentally ill in that he lacked the capacity to waive counsel?

[5.] Did the [PCRA] court err in not finding [that plea counsel] provided ineffective assistance of counsel to [Appellant] by his failure to preserve the issue of [Appellant] not being afforded appointed counsel, and where he was mentally ill in that he lacked the intellectual capacity to waive counsel?

See Appellant's Brief at 1-2.

Appellant's five questions focus on three distinct areas: (1) post-plea counsel's failure to file a direct appeal; (2) plea and post-plea counsels' ineffectiveness with respect to the validity of his plea; and (3) violations of his right to counsel for a preliminary hearing. We will address Appellant's arguments in each area below.

Initially, we note that our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." Commonwealth v. Ousley, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." Commonwealth v. Willis,

68 A.3d 997, 1001 (Pa. Super. 2013) (citation omitted). Moreover, "[t]his Court may affirm the PCRA's court's denial of relief on any grounds if the record supports it." Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To establish a claim of counsel's ineffectiveness, a petitioner must overcome the presumption that counsel was effective by proving "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." Ousley, 21 A.3d at 1244 (citation omitted). "The failure to prove any one of the three prongs results in the failure of petitioner's claim." Id.

### 1. Post-plea counsel's failure to file a direct appeal

Appellant first challenges post-plea counsel's failure to file a direct appeal. As noted above, Appellant was sentenced on March 19, 2014. The time for filing a direct appeal ended on April 18, 2014. See Pa.R.A.P. 903(a), (c)(3). Post-plea counsel did not file post-sentence motions or a direct appeal. On April 23, 2014, post-plea counsel filed a motion to withdraw, and on April 24, 2014, the trial court granted counsel's request to withdraw.[8]

---

[8] Post-plea counsel and the trial court served the respective motion to withdraw and order granting post-plea counsel's request on Appellant.

A review of the record further reveals the following. At the first PCRA evidentiary hearing on April 25, 2017, Appellant testified that he asked post-plea counsel to file an appeal. See N.T. PCRA Hr'g Vol. 1, 4/25/17, at 74.

At the second PCRA hearing on August 29, 2017, Appellant reiterated that immediately after sentencing, he told post-plea counsel that he wanted "to appeal this." N.T. PCRA Hr'g Vol. 2, 8/29/17, at 32. Appellant also averred that he wrote post-plea counsel a letter on April 14, 2014, four days before the time for a direct appeal expired. See id. at 32. Appellant marked and admitted a carbon copy of the letter dated April 14, 2014, as an exhibit.[9] Id. at 33. Appellant claimed that he mailed the letter that same day, but did not hear back from post-plea counsel.[10] Id. He asserted that he did not attempt to contact post-plea counsel after sending the letter because he heard that the time for a direct appeal expired. Id.

Post-plea counsel did not recall any conversations with Appellant following sentencing. Id. at 16. She also did not recall seeing Appellant's letter. Id. at 15. However, she noted that Appellant's letter was not in the public defender's file. Id. at 18. Post-plea counsel testified that she would not have moved to withdraw if Appellant asked for an appeal. Id. at 17-18.

_____

[9] The certified record does not contain a copy of Appellant's letter, which was marked and admitted at the hearing as Petitioner's Exhibit 4.

[10] Appellant did not provide any additional proof of the date he mailed the letter. Cf. Commonwealth v. Jones, 700 A.2d 423, 426 (Pa. 1997) (discussing the types of evidence a pro se prisoner may present to prove compliance with the prisoner mailbox rule).

Appellant presently contends that he requested a direct appeal on two occasions. Appellant's Brief at 14. He concludes that post-plea counsel's "failure to act on the twice given requests . . . clearly show [post-plea counsel's] failure to serve her client." Id.

This Court has noted that

counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance per se, such that the petitioner is entitled to reinstatement of direct appeal rights nunc pro tunc without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request.

Ousley, 21 A.3d at 1244.

Instantly, the PCRA court determined that Appellant did not request an appeal. Specifically, the court found that post-plea counsel testified credibly that Appellant did not request an appeal at the time of sentencing. Findings, 9/14/17, at 6. As to the copy of Appellant's letter, the court noted that Appellant did not introduce the letter until the second evidentiary hearing and that the public defender's file did not contain a copy of the letter. Id. at 6-7. The court also noted post-plea counsel's testimony that she did not recall seeing the letter and withdrew from representation after the time for appeal had expired. Id. at 7.

Therefore, despite the conflicting testimony and evidence regarding Appellant's request for a direct appeal, the PCRA court credited post-plea counsel's testimony over Appellant's testimony and evidence. See Findings

at 6. The record supports the court's findings of fact, and its credibility determination is binding on this Court. See Willis, 68 A.3d at 1001. Moreover, we discern no abuse of discretion in the court's ultimate conclusion that Appellant did not request a direct appeal. Accordingly, Appellant's argument that counsel disregarded his express requests for a direct appeal fails. See Ousley, 21 A.3d at 1244.

2. Plea and post-plea counsel's alleged ineffectiveness with respect to Appellant's plea

Appellant next argues that plea and post-plea counsels' ineffectiveness should invalidate his plea. Appellant asserts that plea counsel was ineffective for failing to investigate possible defenses and misrepresenting the sentencing consequences of his plea agreement. Appellant also contends that post-plea counsel was ineffective for failing to move to withdraw his plea before and after sentencing.

The record reveals the following context to Appellant's assertions. Appellant testified that during plea negotiations he asked plea counsel to investigate possible defenses. According to Appellant, he told counsel that phone records, surveillance videos, and Bahm's failure to report her car as missing would rebut Bahm's initial report that Appellant took Bahm's car without her permission. N.T. PCRA Hr'g Vol. 1, at 23-28. According to Appellant, such evidence was relevant to show he did not steal Bahm's car and, therefore, lacked a motive to steal Bahm's bag or the intent to deprive her of her property. Id. at 25, 64-65.

Plea counsel testified that during his discussions with Appellant, Appellant admitted most of the underlying conduct giving rise to the charges but "wasn't mentally all there." Id. at 92. Plea counsel averred that he did not recall Appellant's alleged discussion regarding possible defenses. Id. at 96-98. According to plea counsel, Appellant told him "he felt bad about it and he wanted to get help." Id. at 93. After receiving Dr. Romero's report regarding Appellant's mental health, plea counsel and Appellant discussed a plea of guilty but mentally ill. Id.

During plea negotiations, the Commonwealth advised Appellant that it would not seek the former 5-year mandatory minimum sentence for visible possession of a deadly weapon.[11] Id. at 103. Appellant testified that when plea counsel told him that the mandatory minimum sentence would not apply, he believed that his total sentence would be under 5 years. Id. at 39. Further, the record establishes that plea counsel and the Commonwealth believed

---

[11] See 42 Pa.C.S. § 9712. In Commonwealth v. Valentine, 101 A.3d 801 (Pa. Super. 2014), this Court expressly held that former section 9712 was unconstitutional based on Alleyne v. United States, 570 U.S. 90 (2013). Valentine, 101 A.3d at 812. Alleyne was decided in 2013, but Valentine was decided on October 3, 2014, seven months after sentencing in the instant case.

Appellant's prior record score (PRS) was "1" during plea negotiations.[12] As discussed below, however, Appellant's PRS was "REFEL."[13]

At the plea hearing, the trial court conducted an extensive colloquy of the rights a defendant waived by entering a plea of guilty. Appellant thereafter admitted the conduct giving rise to his convictions and sentence, specifically, that (1) he threatened Snyder with a knife and took Snyder's keys and car and (2) he took a bag from Bahm's car and that Bahm's bag contained items valued over $200. N.T. Plea Hr'g, 1/27/14, at 30-34. The trial court reviewed the terms of the plea agreement and apprised Appellant that he was pleading guilty but mentally ill to robbery of Snyder's vehicle and the theft from Bahm's vehicle. Id. at 34-35. Appellant acknowledged the terms of the plea agreement and affirmed that he did not receive any promises beyond the scope of the agreement. Id. at 35, 37. Appellant further acknowledged that he had time to discuss his situation with plea counsel and was satisfied with plea counsel's performance.[14] Id. at 37.

_____

[12] During his consultations with Appellant, for example, plea counsel testified that he reviewed the sentencing guidelines with Appellant based on a PRS of 1. N.T. PCRA Hr'g Vol. 1, at 103.

[13] See 204 Pa. Code § 303.4(a)(2) (defining "REFEL" as a repeat felony 1 and felony 2 offender).

[14] The trial court further noted that Appellant's responses during the guilty plea colloquy were "highly appropriate." N.T. Plea Hr'g at 28. The court also discussed Appellant's mental health state with plea counsel. Plea counsel averred that he was satisfied that Appellant was able to understand the guilty plea hearing. Id.

At sentencing, the Commonwealth noted that during plea negotiations, it believed that Appellant's PRS was "1," but the PSI revealed a prior offense that increased Appellant's PRS to "REFEL." N.T. Sentencing, 3/19/14, at 40-41. Additionally, post-plea counsel indicated that plea counsel's notes indicated the deadly weapon used enhancement (DWE) would not apply. Id. at 48. The trial court determined that Appellant's PRS was REFEL. The trial court further determined that the DWE applied based on Appellant's use of a knife to take Snyder's car and that the plea agreement did not prohibit the application of the DWE.

The trial court apprised Appellant of the suggested range of minimum sentences under the DWE. Immediately before imposing sentence based on Appellant's PRS and the application of the DWE, the trial court offered Appellant opportunities to consult with post-plea counsel and withdraw his plea based on the misunderstandings. See id. at 48-50. Appellant declined to withdraw his plea. See id. at 50.

With this background in mind, we proceed to consider Appellant's assertions that (a) plea counsel was ineffective for failing to investigate possible defenses; (b) plea counsel was ineffective for misrepresenting the possible sentences of the plea agreement; and (c) post-plea counsel was ineffective for failing to seek withdrawal of Appellant's plea before or after sentencing.

     (a)    Plea counsel's alleged failure to investigate possible defenses

Appellant claims that his plea was invalid because plea counsel failed to investigate possible defenses that could have raised reasonable doubt to the charges to which he pled guilty. Appellant asserts that plea counsel should have rebutted Bahm's report that Appellant took her car while she was sleeping and without her consent. Appellant's Brief at 3-4. Appellant further contends that plea counsel was ineffective for failing to investigate his claims that phone records would establish he was in contact with Bahm as he was driving her car and surveillance video would contradict Bahm's account of when Appellant took her car. Id.

It is well settled that

a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made."

With regard to an attorney's duty to investigate, the Supreme Court has noted that the reasonableness of a particular investigation depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation. With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." Once the defendant has entered a guilty plea, "it

- 14 -

is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." Competence to plead guilty requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him.

Willis, 68 A.3d at 1001-02 (citations omitted). As to prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa. Super. 2013) (citation and quotation marks omitted).

Instantly, a review of the record establishes that Appellant's plea was knowing, intelligent, and voluntary notwithstanding Appellant's assertions of possible defenses. The trial court conducted an extensive colloquy before Appellant entered his plea. Appellant admitted threatening Snyder with a knife and taking his car, as well as taking Bahm's bag from Bahm's car with the intent of depriving her of personal items. See N.T. Plea Hr'g at 30-34. Furthermore, Appellant's suggested defenses that he had Bahm's permission to use her car bear no relation to the charges to which he pled.[15] Accordingly, Appellant failed to establish prejudice. See Barndt, 74 A.3d at 192; see also Ford, 44 A.3d at 1194.

> (b) Plea counsel's purported ineffectiveness for misrepresenting the sentencing consequences of the plea agreement

_____

[15] We add that Appellant does not challenge the validity of his plea based on his mental state.

In support of his claim that plea counsel misrepresented the terms of the plea agreement, Appellant suggests that he believed the plea agreement covered a single misdemeanor-two offense. Appellant's Brief at 7. Appellant also asserts that plea counsel indicated that Appellant's sentence would be under 5 years. Id. at 13. He contends that he only offered his plea based on this understanding of his sentence. Id. Appellant argues that he is entitled to withdraw his plea based on Commonwealth v. Hickman, 799 A.2d 136 (Pa. Super. 2002). Id.

In Hickman, counsel advised the defendant that he was eligible for boot camp and could be released from prison in 2 years. Hickman, 799 A.2d at 141. However, the defendant was statutorily ineligible for the boot camp program and could not be paroled for 4 years. Id. The Hickman Court concluded that counsel's legally unsound advice resulted in prejudice as the defendant asserted that he believed that entering his plea offered his only chance for boot camp. Id.

Here, Appellant's initial suggestion that he believed the entry of his plea was limited to a second-degree misdemeanor lacks any basis in the record. Instead, Appellant's testimony at the PCRA hearing focused on his belief that his sentence would be under 5 years based on the Commonwealth's decision not to seek a mandatory minimum sentence and plea counsel's review of the

sentencing guidelines. See N.T., PCRA Hr'g Vol. 1 at 39-40.[16] See id. However, Appellant did not testify that plea counsel expressly advised him that his total sentence would be under 5 years. See id.

Moreover, we agree with the PCRA court that the sentencing transcript belies his claim for relief that his plea was unknowing or involuntary. See Findings at 5-6. As noted above, before imposing sentence, the trial court advised Appellant that the suggested minimum sentence range for the robbery of Snyder's motor vehicle was 78 to 90 months based on his PRS of REFEL and the application of the DWE. Furthermore, the trial court offered Appellant opportunities to consult with post-plea counsel and withdraw his plea. Appellant, however, elected not to withdraw his plea before the court imposed its sentence.

Accordingly, Appellant's reliance on Hickman is misplaced. Appellant failed to establish that counsel misrepresented the nature of his plea or that the entry of his plea was involuntary or unknowing such that he would have proceeded to trial. See Hickman, 799 A.2d at 141. Despite being advised he could be sentenced over 5 years, Appellant did not take the opportunity to withdraw his plea. See N.T. Sentencing at 50. Therefore, Appellant has not

_____

[16] Appellant recalled that plea counsel indicated his minimum sentence would be 36 to 48 months. However, this suggests that plea counsel explained the standard range minimum sentence using the DWE matrix based on a PRS of 1. See 204 Pa. Code § 303.17(b) (suggesting a range of 36 to 48 months based on a PRS of 1 and the offense gravity score of 9 applicable to robbery of a motor vehicle).

- 17 -

demonstrated any error or abuse of discretion in the PCRA court's rejection of this claim. See Ousley, 21 A.3d at 1242.

> (c) Post-plea counsel's failure to seek withdrawal of Appellant's plea before or after sentencing

Appellant also claims that post-plea counsel was ineffective for failing to seek to withdraw Appellant's plea before or after sentencing. Appellant's Brief at 7, 14-15.

A petitioner claiming ineffective assistance of counsel based on the failure to file a motion to withdraw a plea must demonstrate prejudice. See Commonwealth v. Diehl, 61 A.3d 265, 268 (Pa. Super. 2013). The following precepts govern our consideration of whether prejudice resulted from counsel's alleged disregard of a petitioner's request to withdraw a plea.

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty. Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made [b]efore sentencing . . . should be liberally allowed. Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced. As a general rule, the mere articulation of innocence [is] a fair and just reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced.
>
> * * *
>
> In contrast, after the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are

> subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices.
>
> * * *
>
> To be valid [under the manifest injustice standard], a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly.

Commonwealth v. Kpou, 153 A.3d 1020, 1022-23 (Pa. Super. 2016) (citations and quotation marks omitted).

As stated above, Appellant declined to withdraw his plea at the sentencing hearing. This fact alone undermines Appellant's claim that he requested plea counsel to withdraw his plea before the sentencing hearing. Similarly, the PCRA court's finding that Appellant did not seek a direct appeal suggests that Appellant did not seek withdrawal of his plea after sentencing. Therefore, Appellant's assertions that he asked post-plea counsel to withdraw his plea lack merit. In any event, Appellant did not establish fair and just reasons or manifest injustice warranting the withdrawal of his plea. See id. Accordingly, Appellant has not established arguable merit or prejudice with respect to his claim that post-plea counsel disregarded his requests to withdraw his plea.

3. Alleged violations of Appellant's right to counsel for a preliminary hearing

In his final claim for relief, Appellant asserts that his right to counsel for a preliminary hearing was violated. He further suggests plea counsel was ineffective for failing to protect his rights for a preliminary hearing.

It is undisputed that the magisterial district court twice continued the preliminary hearing in order for Appellant to obtain counsel. Subsequently, at the hearing date scheduled for June 12, 2014, Appellant signed forms waiving his right to a preliminary hearing and his right to counsel.

Appellant testified at the PCRA hearing that he was in jail during the continuances of the preliminary hearing, and he contacted different attorneys but that he was unable to afford private counsel. On June 12, 2014, he advised the magisterial district court that he wanted an attorney. According to Appellant, the court told him that he would have to waive his right to a preliminary hearing or proceed without an attorney. N.T. PCRA Hr'g Vol. 1 at 11-12. Appellant asserted that the court "made me waive my rights" and that he "didn't know what was going on." Id. at 12. Appellant further testified that he informed plea counsel he was not competent to waive his preliminary hearing, he suffered from a mental illness, and he wanted a new preliminary hearing.

Plea counsel, as noted above, asserted that Appellant admitted his involvement in most of the crimes and stated that he felt bad and wanted to get help. Id. at 92-93. Plea counsel did not recall whether Appellant expressed an interest in having a preliminary hearing. Id. at 97-98. However, plea counsel opined that based on Appellant's statements to him and the reports of the incidents, the Commonwealth would have been able to establish a prima facie case. Id. at 98.

The PCRA court concluded that "when [Appellant] entered the plea of guilty, which the [c]ourt found . . . was intelligently, voluntarily and understandingly tendered, [Appellant] waived any errors relating to the preliminary hearing." Findings at 3. The court further agreed with plea counsel that a "preliminary hearing would not have accomplished any net benefit to [Appellant]." Id.

This Court has long held that the denial of a defendant's preliminary hearing rights does not warrant relief unless the defendant suffers actual prejudice. See Commonwealth v. Bastone, 467 A.2d 1339, 1341 (Pa. Super. 1983); Commonwealth v. Bowman, 325 A.2d 818, 819 (Pa. Super. 1974). Moreover, in Bowman, this Court held:

> [A] guilty plea also constitutes a waiver of any objection to a denial of the preliminary hearing itself. Therefore, even though the denial of a preliminary hearing is ordinarily reversible error in Pennsylvania, the appellant must show that its denial had some affect upon the voluntariness of his guilty plea, or that defect is waived.

Bowman, 325 A.2d at 819 n.3 (citations omitted).

In light of the foregoing principles, we agree with the PCRA court that Appellant failed to establish prejudice with respect to his preliminary hearing rights. Notably, Appellant has failed to establish that his plea was unknowing or involuntary. Similarly, given the absence of any viable defenses to the charges to which he pled, we discern no basis to conclude Appellant established prejudice. See id. Furthermore, Appellant had the opportunity to withdraw his plea before the trial court sentenced him, but did not avail

himself of that opportunity. In light of these circumstances, we discern no abuse of discretion or error of law in the PCRA court's conclusion that even if there were defects in Appellant's waiver of his preliminary hearing rights, no relief was due.

In sum, after review of the record, Appellant's arguments, and the PCRA court's findings, we discern no basis to disturb the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2018