J-S42040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                              :

                   v.                          :
                                              :

UZZIAH JOEL WILSON                  :
                                              :
                 Appellant        :     No. 730 MDA 2024

Appeal from the Judgment of Sentence Entered April 16, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0006098-2005

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:         **FILED: DECEMBER 20, 2024**

     Appellant, Uzziah J. Wilson, appeals from the judgment of sentence of 3 to 6 years' incarceration, imposed after the court revoked a term of probation that Appellant was serving for a 2007 conviction for various crimes including aggravated assault.  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence.  Additionally, his counsel, William Bispels, Esq., seeks to withdraw his representation of Appellant pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

     In February of 2007, Appellant was convicted by a jury of two counts of aggravated assault, as well as single counts of assault by a prisoner, recklessly endangering another person, and possessing an instrument of a crime.  In March of 2007, he was sentenced to terms of incarceration for all but one of

his aggravated assault counts, which totaled an aggregate period of 5 to 12 years. For his second aggravated assault count, the court imposed a consecutive term of six years' probation.

In March of 2021, Appellant was serving his term of probation when he was arrested and charged with new offenses in a case docketed at CP-06-CR-1217-2021 ("case 1217-2021"). Appellant's new charges included carrying a firearm without a license, possession of a firearm by a person prohibited, possession of a controlled substance, possession of drug paraphernalia, and driving under the influence of alcohol or a controlled substance ("DUI"). After Appellant was convicted of those new charges, the court in the instant case held a probation revocation hearing on April 16, 2024. At the close thereof, the court revoked Appellant's probation and immediately proceeded to resentencing. The court imposed a term of 3 to 6 years' incarceration for Appellant's aggravated assault conviction, with credit for 1,126 days of time served. The court directed Appellant's sentence to be served consecutively to his sentence in case 1217-2021.

Appellant filed a timely post-sentence motion, arguing, *inter alia*, that his sentence in this case should have been imposed to run concurrently with his sentence in case 1217-2021. He noted that he was gainfully employed when serving his parole and probation terms, he is not a risk to the community, and he is capable of living as a productive member of society. On April 25, 2024, the court issued an order denying Appellant's motion for reconsideration.

Appellant filed a timely notice of appeal. In response to the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Attorney Bispels filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file a petition to withdraw and an **Anders** brief. On August 28, 2024, counsel filed those documents with this Court, concluding that the following issue Appellant seeks to raise on appeal is frivolous: "Whether [t]he sentencing court abused its discretion when it revoked Appellant's probation and sentenced him to 3 to 6 years in state prison with credit for 1[,]126 days … [of] time served." **Anders** Brief at 6. Appellant filed a *pro se* brief on September 16, 2024.

Attorney Bispels concludes that Appellant's sentencing challenge is frivolous, and that Appellant has no other, non-frivolous, issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

>> (1) provide a summary of the procedural history and facts, with citations to the record;

>> (2) refer to anything in the record that counsel believes arguably supports the appeal;

>> (3) set forth counsel's conclusion that the appeal is frivolous; and

>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

> record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)….

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). However, where the appellant files a pro se or counseled response to the *Anders* brief, we treat this filing as an advocate's brief and limit our review "to examining only those issues raised and developed in the brief." *See Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015).

In this case, Attorney Bispels' *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Bispels states in his petition to withdraw

that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous, claims he could pursue on appeal.

Preliminarily, we note that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). However, "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008).

> Appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. A substantial question is raised when the appellant sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process.
>
> When a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f).

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

Here, Attorney Bispels has not included a Rule 2119(f) statement in his *Anders* brief. However, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citing *Commonwealth v. Wilson*, 578 A.2d 523 (Pa. Super. 1990); *see also Commonwealth v. Lilley*, 978 A.2d 995 (Pa. Super. 2009)). Therefore, we will review whether Appellant's issue is frivolous, despite counsel's failure to submit a Rule 2119(f) statement.

According to Attorney Bispels, Appellant seeks to argue that because "[t]he total time of confinement and supervision [for] the original sentence was 20 years[,] … such a lengthy sentence was excessive from the start and … being resentenced more than 14 years later is unfair and, on its face, an abuse of discretion by the [trial c]ourt." *Anders* Brief at 11. Attorney Bispels concludes that Appellant's claim is frivolous. He stresses the "wide latitude" that trial courts have "to fashion a sentence[,]" and notes that the decision "of the sentencing court will not be disturbed absent a manifest abuse of discretion." *Id.* at 12 (citing *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)). Attorney Bispels states that, here, "[a] 3 to 6 year sentence on an [a]ggravated [a]ssault charge based upon a new conviction for DUI, drugs, and possession of a firearm is not a manifest abuse of discretion." *Id.*

Initially, we note that the claim Attorney Bispels states Appellant wishes to raise herein was not preserved by Appellant's former attorney in the post-sentence motion, or orally at the sentencing hearing. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (citation omitted). At no point below did Appellant's previous counsel preserve a claim that his original sentence was excessive, or that resentencing him to 3 to 6 years of additional incarceration so many years after he committed the underlying crime was an abuse of the court's discretion. Thus, this claim is waived.

In any event, we would also agree with Attorney Bispels that Appellant's sentencing challenge is frivolous, even had it been preserved. Attorney Bispels is correct that "[s]entencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Crump*, 995 A.2d at 1282 (citation omitted). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citation omitted).

In the case *sub judice*, the trial court had the benefit of a presentence investigation report. *See* N.T. Hearing, 4/16/24, at 24. The court also considered the sentencing recommendations of the Commonwealth and

defense counsel. Specifically, the Commonwealth recommended a sentence of 3 to 6 years' incarceration, citing Appellant's "extensive prior record in conjunction with the serious nature of the new offenses" and the seriousness of the underlying crimes. *Id.* at 23, 26. In response, defense counsel essentially asked that Appellant be sentenced to time-served, which was 1,126 days. *Id.* at 27. The court explained why it ultimately accepted the Commonwealth's sentencing recommendation, stating:

> Review of the sentence imposed following the [revocation/resentencing] hearing needs to begin with an acknowledgement that the initial sentence of probation … [for] [a]ggravated [a]ssault was below the mitigated range for the charge[,] but was part of an overall lengthy sentencing scheme. The facts in the underlying case involved the stabbing of another inmate while in prison. [Appellant] was convicted at trial. In [Appellant's] new arrest and conviction, he was convicted of [DUI], possession of two different controlled substances, and being a person not to possess a firearm stemming from a firearm found in the vehicle he was driving, along with other related charges[,] as evidenced by the certified record of conviction in … [case] 1217-2021, and as testified to by Assistant District Attorney [(ADA)] Joseph Speece, the prosecuting attorney. ADA Speece also identified [Appellant] as the person whom he prosecuted. The court is permitted to revoke an order of probation upon proof of the violation of specified conditions and has available all the sentencing alternatives that existed at the time of initial sentencing. *See Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014); *Commonwealth v. Reaves*, 923 A.2d 1119, 1129 (Pa. 2007). The revocation of probation was appropriate in this matter.
>
> Consideration of the traditional sentencing factors, including the likelihood that probation with its lesser restrictions could rehabilitate [Appellant], was given in this case. Both parties in this case were requesting sentences of total confinement albeit with different recommendations for what length of imprisonment was appropriate. The Commonwealth, via input from the Adult Probation Office, requested a sentence of three (3) to six (6) years

- 8 -

of incarceration. Counsel for [Appellant] requested a sentence of one (1) year and fifteen (15) days to three (3) years and thirty (30) days, effective the date of sentencing, with 1[,]126 days of credit. Under the defense request, the entirety of the requested sentence would have been served[,] making it an entirely time-served sentence. The defense noted that only one (1) day of credit was attributed to the new conviction. [Appellant] denied the possession of the weapons in the car at issue in … [case] 1217-2021 and indicated his intention to appeal the conviction.[1]

The trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. ***Commonwealth v. Ward***, 568 A.2d 1242, 1243 (Pa. 1990). A sentencing judge has the discretion to impose consecutive sentences and will not be disturbed absent a grossly disparate aggregate sentence or [if] the sentence viscerally appears patently unreasonable. ***See Commonwealth v. Norris***, 375 A.2d 122, 124 (Pa. 1977); ***See also Commonwealth v. Gonzalez—Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010). Considering the procedural history, the recommendation of both Commonwealth and Defense, the allocution of [Appellant] and his background, as well as balancing the punitive needs of the Commonwealth with the rehabilitative needs of [Appellant,] as well as his inability to succeed with the lesser restrictions of probation, the sentence imposed is not manifestly excessive nor grossly disproportionate to the crime and is supported by the record. The sentence is proper.

Trial Court Opinion, 6/20/24, at 2-4 (unnecessary capitalization omitted).

Having reviewed the record before us, we would discern no abuse of discretion in the trial court's sentencing decision. Although Appellant's original sentence was lengthy, his underlying crimes were serious. Additionally, Appellant was still serving his term of probation when he committed new, serious offenses involving drugs and a gun. Appellant also has a criminal history involving other serious and violent convictions. Thus, we would not

---

[1] Appellant did appeal from his judgment of sentence in that case, which is docketed at No. 652 MDA 2024.

conclude that the court acted unreasonably, or abused its ample sentencing discretion, in determining that a term of 3 to 6 years' incarceration is warranted.

We briefly address the claim raised in Appellant's *pro se* brief filed in response to Attorney Bispels' petition to withdraw. Essentially, Appellant argues that he did not validly waive his right to a **Gagnon I** hearing.[2] When a probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, called a **Gagnon I** hearing, that probable cause exists to believe that a violation has occurred. **See Commonwealth v. Ferguson**, 761 A.2d 613, 617 (Pa. Super. 2000) (citation omitted). When the revocation court finds probable cause, the court must hold a second, more comprehensive hearing, known as a **Gagnon II** hearing, before making a final revocation determination. **Id.** (citation omitted). The **Gagnon II** hearing entails two decisions, with the first being a consideration of whether the established facts warrant revoking probation. **Id.** (citation omitted). If revocation is deemed to be warranted, the court then considers whether the probationer must be recommitted to prison, or whether other steps should be taken to protect society and improve the probationer's chances of rehabilitation. **Id.** (citation omitted).

Notably, the **Gagnon II** hearing affords the probationer greater due process protections than those afforded in a **Gagnon I** hearing, including:

---

[2] **See Gagnon v. Scarpelli**, 411 US 778 (1973).

(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Id.* at 617-18 (citations omitted).

Here, Appellant does not allege any errors in the *Gagnon II* hearing. Rather, he claims that he did not receive notice of the *Gagnon I* hearing, he never signed a waiver of his right for that hearing to be held, and he was not present at the proceeding, if it was held.[3] Thus, Appellant concludes that his due process rights were violated.

No relief is due. In *Commonwealth v. Perry*, 385 A.2d 518 (Pa. Super. 1978), this Court explained:

If before his … probation is revoked[,] a ... probationer has not complained of the lack of a *Gagnon I* hearing, he has already suffered the harm that the omission allegedly caused[. S]ince the substance of the revocation proceeding is not affected by the omission, the … probationer will not be heard to complain later.

This is analogous to the rule that objections to defects in a preliminary hearing … or to the denial of a preliminary hearing must be raised by a motion to quash the indictment; otherwise, all such procedural and "non-jurisdictional" defects are waived.

The United States Court of Appeals for the Second Circuit drew this same analogy in *United States v. Companion*, 545 F.2d 308 (2d Cir. 1976):

---

[3] The certified record does not indicate whether a *Gagnon I* hearing was conducted.

- 11 -

[A] defendant's status after conviction is the result of that conviction, not the result of his pretrial detention; the court lacks power "to remedy, retrospectively, … denial of a 'fundamental right' which has no bearing on [the] appellant's present incarceration"; the remedy of release from custody "is one to be sought prior to conviction."

This rationale is directly applicable (in a probation revocation case). [Perry's] present incarceration stems from a decision by (the revoking court) made after a hearing that was adequate in all respects; the denial of [Perry's] preliminary hearing right no longer has any relation to his incarceration…. To order [Perry's] release from custody at this time would be to grant an extreme remedy for a deprivation from which [Perry] is no longer suffering. This remedy should have been sought at the time that the deprivation of rights was actually occurring.

*Perry*, 385 A.2d at 520 (some citations omitted).

The rationale of *Perry* applies to this case, as well. Appellant raised no objection at the *Gagnon II* hearing to the purported errors in the *Gagnon I* proceeding. Appellant's present incarceration stems from the revocation of his probation after a full and complete *Gagnon II* hearing, the adequacy of which he does not challenge. Thus, Appellant is no longer suffering from any error or denial of his rights that purportedly stemmed from the *Gagnon I* hearing (or lack thereof). Notably, Appellant also received credit for all the time he spent incarcerated before the revocation of his probation and resentencing. No relief is due.

Accordingly, we conclude that Appellant's sentencing claim is waived and/or frivolous, as is his *pro se* challenge to the asserted lack of a *Gagnon I* hearing. Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/20/2024